NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EMELY ZOE ANDRADE-CHICAS; JAHIRO SAMUEL ANDRADE-BONILLA; MELISSA ISABEL CHICAS-OVIEDO, <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 21-1169 <br> Agency Nos. <br> A208-919-485 <br> A089-084-555 <br> A208-919-484 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 30, 2026[**]

Before: LEE, BUMATAY, and SANCHEZ, Circuit Judges.

Lead Petitioner Jahiro Samuel Andrade-Bonilla and his wife and daughter

(collectively "petitioners"), all natives and citizens of Honduras, petition for review

of the Board of Immigration Appeals' ("BIA") decision denying their application

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for asylum and withholding of removal.  We limit our review to the BIA's decision except where it expressly adopts the IJ's opinion.  *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020).  We review the BIA and IJ's factual determinations for "substantial evidence," *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023), and we review their conclusions of law de novo, *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009).  We deny the petition.

1. We affirm the BIA's finding that Andrade is not entitled to asylum or withholding of removal.  An applicant for asylum and withholding of removal must demonstrate past persecution or a well-founded fear of persecution "committed by the government, or by forces that the government was unable or unwilling to control."  *Rodriguez Tornes v. Garland*, 993 F.3d 743, 750–51 (9th Cir. 2021).

Substantial evidence supports the BIA's finding that the persecution Andrade feared was not "committed by the government, or by forces that the government was unable or unwilling to control."  *Plancarte Sauceda v. Garland*, 23 F.4th 824, 832 (9th Cir. 2022) (simplified).  The violence Andrade experienced, and fears upon return, comes from gang members—non-state actors—and the BIA highlighted evidence showing that the Honduran government "demonstrate[d] efforts to subdue them," and is not "unable or unwilling to control" them.  *Hussain v. Rosen*, 985 F.3d 634, 648 (9th Cir. 2021).  Police successfully apprehended Andrade's first assailant. The record confirms that Honduran authorities regularly prosecute and investigate

gang-related disappearances and killings. Indeed, Andrade's own country conditions evidence from 2015 shows the Honduran government "made measurable progress in reducing" gang violence and organized crime. While Honduras may "ha[ve] a long way to go" in curbing organized violence in its country, these facts provide ample basis for a reasonable factfinder to determine it is not "unable or unwilling" to do so. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064–65 (9th Cir. 2020).

Because Andrade failed to establish that the government is unable or unwilling to control his purported persecutors, he cannot demonstrate a well-founded fear of persecution. We therefore do not reach whether he can safely and reasonably relocate within Honduras. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976). We do not address the opening brief's extended discussion of *Matter of A-B-*, 27 I&N Dec. 316 (A.G. 2018), because neither the IJ nor the BIA referred to it in their decisions and the BIA's decision was supported by independent legal authority.

2. We affirm the BIA's holding that petitioners "raised no meaningful challenge" under the Convention Against Torture and therefore waived that issue. "A noncitizen who seeks to challenge an order of removal in court must first exhaust certain administrative orders." *Santos-Zacaria v. Garland*, 598 U.S. 411, 413 (2023) (interpreting 8 U.S.C. § 1252(d)(1)). And we must apply this claim processing rule

when it is properly raised by a party.  *Santos-Zacaria*, 598 U.S. at 417–18; *Murillo-Chavez v. Bondi*, 128 F.4th 1076, 1082 (9th Cir. 2025).  Andrade's failure to raise any meaningful challenge to the IJ's CAT findings therefore failed to "exhaust[] all administrative remedies" and waived the issue here.  8 U.S.C. § 1252 (d)(1); *Murillo-Chavez*, 128 F.4th at 1083.

**PETITION DENIED.**